## THE PEOPLE v. JAMES CAULKINS.

*Criminal law—Information for receiving stolen property—Evidence.*

1. An information for receiving stolen property, unless otherwise charging, will be presumed to be for a *first* offense.

2. Proof of the restitution of stolen property by a party informed against for receiving it, knowing it to have been stolen, need not be alleged in the information, but may be shown in mitigation of the punishment to be inflicted, as also the fact that the primary offense was but simple larceny; nor need such facts appear in the judgment.

Error to Hillsdale. (Howell, J.) Argued October 27, 1887. Decided November 3, 1887.

Information for receiving stolen property, etc. Respondent was convicted on his plea of guilty. Affirmed. The facts are stated in the opinion.

*Allan Howard Frazer,* for respondent.

*Moses Taggart,* Attorney General, for the People.

CHAMPLIN, J.   Defendant was convicted upon his plea of guilty to an information charging him with receiving stolen property of the value of $25, knowing it to have been feloniously stolen.   He had the aid of counsel before entering the plea, and, after a private examination as required by statute, the circuit judge sentenced him to imprisonment in the State prison at Jackson for the term of four years.   By another counsel he sued out a writ of error, and afterwards, upon an application to, and allowance by, the Chief Justice, a writ of *certiorari* was issued to the circuit judge, who has made return negativing all the material facts stated in the affidavit for the writ upon which allegations of error were based.

It is now assigned as error—

"1.  There is no allegation or averment of any kind in the information:

"*a*—That defendant's conviction of receiving stolen property was other than a first conviction for a like offense.

"*b*—That the act of stealing said stolen harness received by defendant, and for which he was convicted, was not a simple larceny.

"*c*—That defendant made no restitution or satisfaction of any kind to the party from whom the harness received by defendant was stolen.

"Nor is any one of said matters *a*, *b*, and *c* set forth in said information.

"2.  Nor are the same things above mentioned, or any of them, entered or contained in the judgment of said court in said case, or in any of the proceedings therein.

"3.  Nor is there any inquiry, finding, or determination of any kind by the court, or by a jury, of record or otherwise, showing any or all the matters set forth in *a*, *b*, and *c*, above mentioned."

It is not necessary that the information should contain any allegation of the kind specified in the first assignment of error.   These are all matters which are proper to be brought before the court by the defendant, and go in mitigation of the punishment to be inflicted.   Unless charged as a second

offense, it is presumed that the prosecution is for a first offense.

The judgment followed upon the plea of guilty, and it was not necessary that any of the matters alleged in the first assignment of error should appear in the judgment.

No error appearing upon the record the judgment is affirmed.

SHERWOOD and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.